Filed: 9/15/2016 3:00:56 PM
Lynne Finley
District Clerk
Collin County, Texas
By Cara Hollis Deputy
Envelope ID: 12726281

CAUSE NO. 416-04161-2016

| | | |
|---|---|---|
| BRIAN POLEN | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | ______JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § | |
| | § | COLLIN COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BRIAN POLEN, files this Original Petition against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II.**
**PARTIES AND SERVICE**

Plaintiff resides in Collin County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:



- The making and issuing of contracts of insurance with the Plaintiff;
- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Collin County, Texas because all or part of the conduct giving rise to the causes of action were committed in Collin County, Texas and the Plaintiff and property which is the subject of this suit are located in Collin County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1604 Boxwood Lane, Wylie, Texas 75098 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

On or about March 23, 2016 and April 11, 2016 and during the terms of said Policy, Policy Number 836 093 556, Plaintiff sustained two separate covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same

pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claims for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

Specifically, INSURANCE DEFENDANT denied necessary repairs to broken windows throughout Plaintiff's property after Plaintiff submitted his contractor's bid for the window repairs. INSURANCE DEFENDANT was aware of the covered damages to the windows because INSURANCE DEFENDANT sent their own remediation team to board up the windows after the losses. Moreover, INSURANCE DEFENDANT's remediation team caused damages aside from the covered damages to the window casings. Plaintiff pointed out these damages during the inspections, however, INSURANCE DEFENDANT refused to acknowledge these damages during the inspections.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct

constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by two separate covered occurrences. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claims in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claims. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claims and, to date, Plaintiff has not received full payment for the claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claims was presented to INSURANCE DEFENDANT, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A. BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1. UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2. THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints constitutes a non-prompt payment of the claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claims following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX. INS. CODE §542.058.

**C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, it knew or should have known

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the losses occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claims in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the losses of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claims, as well as eighteen (18) percent interest

per annum on the amount of such claims as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of losses resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**VIII.**

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claims file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the losses on or about March 23, 2016 and April 11, 2016 for which INSURANCE DEFENDANT opened a claims under the Policy. Please produce a privilege log for any portions withheld on a claims of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claims file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claims for damages which INSURANCE DEFENDANT opened a claims under any policy. Please produce a privilege log for any portions withheld on a claims of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by

Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

BY: */s/Kevin S. Baker*
Kevin S. Baker
State Bar No. 00797799
kevin@krwlawyers.com
Michelle C. Le
State Bar No. 24085427
michellel@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

CAUSE NO. 416-04161-2016

| | | |
|---|---|---|
| BRIAN POLEN | § | IN THE DISTRICT COURT |
| | § | |
| | § | 416TH JUDICIAL DISTRICT |
| VS | § | |
| | § | |
| ALLSTATE VEHICLE & PROPERTY | § | COLIN COUNTY, TEXAS |

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned Notary Public, on this day personally appeared Eloy Bravo, known to me the person whose name is subscribed hereto and after by me being duly sworn on his oath, he stated:

My name is Eloy Bravo. I am a private process server authorized by the Supreme Court of Texas. My Authorization Number is SCH 2065.

On October 5, 2016, at 9:28am, Allstate Vehicle & Property was served with the Plaintiffs Original Petition by CMRRR No. 7016 1370 0000 1996 5287.

Eloy Bravo, SCH 2065

On this day personally appeared Eloy Bravo, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared under oath that the statements therein contained are true and correct. Given under my hand and seal of this office this 5 day of OCTOBER, 2016.




Notary Public, State of Texas

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $ 3.30

Extra Services & Fees (check box, add fee as appropriate)

- ☑ Return Receipt (hardcopy) $ 2.70
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage $ 1.36

Total Postage and Fees $ 7.36

Postmark Here — NOONER'S POSTAGE #1 SAN ANTONIO TX 78247

Sent To: ALLSTATE VEHICLE & PROPERTY

Street and Apt. No., or PO Box No.: 1999 BRYAN ST., SUITE 900

City, State, ZIP+4®: DALLAS, TX 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLSTATE VEH & PROP
CT CORPORATION
1999 BRYAN, #900
DALLAS, TX 75201

9590 9402 1942 6123 1357 51

2. Article Number (Transfer from service label)

7016 1370 0000 1996 5287

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Chris Wells

C. Date of Delivery: OCT 05 2016

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ...ail
- ...ail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

10-5-2016
9:28 AM

Filed: 10/31/2016 12:00:00 AM
Lynne Finley
District Clerk
Collin County, Texas
By Jennifer Alsbury Deputy
Envelope ID: 13516023

CAUSE NO. 416-04161-2016

| | | |
|---|---|---|
| BRIAN POLEN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | COLLIN COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | 416th JUDICIAL DISTRICT |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this Original Answer to Plaintiff's Original Petition and would respectfully show the following:

**I.**
**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

/s/ Roger D. Higgins

Roger D. Higgins State Bar No. 9601500
Vanessa A. Rosa State Bar No. 24081769

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on October 31, 2016 a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Kevin S. Baker
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372
michelle@krwlawyers.com

/s/Vanessa Rosa
Vanessa Rosa

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.416-04161-2016

Brian Polen vs. Allstate Vehicle & Property Insurance Company

In the 416th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Allstate Vehicle & Property Insurance Company
Reg Agent CT Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 416th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Kevin S Baker 16500 San Pedro Suite 302 San Antonio TX 78232 (Attorney for Plaintiff or Plaintiffs), on September 15, 2016, in this case, numbered 416-04161-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 16th day of September, 2016.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

DISTRICT COURT OF COLLIN COUNTY, TEXAS

Signed: 9/16/2016 1:44:02 PM

By: Cara Hollis, Deputy
Cara Hollis

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

Electronically Se
Filed: 10/10/2016 12:03:2 PM
Lynne Finley
District Clerk
Collin County, Texas
By Jennifer Null Deputy
Envelope ID: 13147993

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.416-04161-2016

Brian Polen vs. Allstate Vehicle & Property Insurance Company

In the 416th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Allstate Vehicle & Property Insurance Company
Reg Agent CT Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 416th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Kevin S Baker 16500 San Pedro Suite 302 San Antonio TX 78232 (Attorney for Plaintiff or Plaintiffs), on September 15, 2016, in this case, numbered 416-04161-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 16th day of September, 2016.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

DISTRICT COURT OF COLLIN COUNTY, TEXAS

Signed: 9/16/2016 1:44:02 PM

By: Cara Hollis, Deputy
Cara Hollis

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**