# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRIAN POLEN | § | |
| | § | |
| v. | § | Civil Action No.  4:16-CV-00842 |
| | § | Judge Mazzant |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Amended Verified Rule 12(b)(1) Motion to Dismiss for lack of Subject Matter Jurisdiction (Dkt. #18). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

This suit arises from damage caused to Plaintiff Brian Polen's ("Polen") windows when a remediation company boarded up the windows in his home following a hailstorm.

Polen owns a Texas Homeowner's Insurance Policy (the "policy") issued by Allstate Vehicle and Property Insurance Company ("Allstate"). On March 23, 2016, and April 11, 2016, Polen's house was damaged by two separate hailstorms. On March 25, 2016, Polen submitted a claim to Allstate on the policy for damage sustained as a result of the March 23, 2016, storm. Allstate assigned an adjuster, Phillip Burkes ("Burkes") to investigate the claim. On April 9, 2016, Burkes inspected the home. Burkes documented hail damage to the roof and all four sides of the exterior.

On April 12, 2016, Polen submitted his second claim to Allstate on the policy for damage sustained as a result of the April 11, 2016, storm. On April 30, 2016, Allstate adjuster Doyle Delaney ("Delaney") inspected the property. Delaney documented damage to the exterior of the property, including damage to the gutter/downspout, windows, exterior lights, fascia, mailbox,

wood trim, air conditioning units, fencing, and garage door. On May 11, 2016, Allstate sent a third adjuster, Patricia Royster ("Royster"). Royster documented damage to Polen's personal property.

In addition to the three adjusters, Allstate sent a remediation company to board up Polen's windows. The remediation company damaged Polen's window casings and Polen notified Allstate of such. Allstate did not address the damages to the window casings during their investigations. On July 20, 2016, Polen sent Allstate a window bid requesting that Allstate supplement their adjustment. When Allstate refused to supplement to include the window damages, Polen sent a demand in accordance with the Texas Insurance Code. The estimate showed damages totaling $101,971.39 replacement cost.

On September 15, 2016, Polen filed this lawsuit (Dkt. #3). On October 31, 2016, Allstate filed its Original Answer (Dkt. #4). On November 4, 2016, Allstate removed the case to this Court (Dkt. #1). On November 21, 2016, Allstate filed its First Amended Verified Original Answer and Affirmative Defenses (Dkt. #9). On December 7, 2016, Defendant filed this motion (Dkt. #10; Dkt #18).[1] On January 10, 2017, Polen filed his response (Dkt. #17). On January 17, 2017, Allstate filed a reply (Dkt. #19).

## LEGAL STANDARD

Allstate moves for dismissal under Rule 12(b)(1) for lack of standing. Standing is a required element of subject matter jurisdiction under Rule 12(b)(1). *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). To have Article III standing, a plaintiff must show: (1) he has suffered a concrete and particularized injury that is actual or imminent; (2) the injury is "fairly traceable" to the defendant's actions; and (3) the injury will

---

[1] Allstate first attempted to file this motion on December 7, 2016, but the filing was rejected by the Clerk's office for deficiencies. After several attempts, Allstate was successful in filing the motion on January 12, 2017 (Dkt. #18). All references to Allstate's motion refer to the successfully filed document.

likely be redressed if he prevails in his lawsuit. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). The party asserting jurisdiction bears the burden of proof on standing. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cit. 2001).

A Rule 12(b)(1) motion should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claims. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The Court should accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The Court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Ramming*, 281 F.3d at 161.

## ANALYSIS

First, the Court must determine whether Allstate has waived its Rule 12(b) defenses by filing an answer. Polen argues that Allstate waived its 12(b) challenges when it filed its answer before filing any motion. Generally, Rule 12 requires "a motion asserting any [12(b)] defense must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Standing is an essential element to subject matter jurisdiction. *New Orleans Pub. Serv., Inc.*, 833 F.2d at 586. Therefore, Allstate has not waived its subject matter jurisdiction objection and the Court may address the motion.

Regarding the merits of Allstate's motion, Allstate argues that Polen's suit is not ripe for adjudication because compliance with the proof of loss provision is a condition precedent to coverage. It is undisputed that Polen did not submit a proof of loss within the bounds of his

policy. Nevertheless, Polen argues that the proof of loss provision was not triggered because Allstate has not shown that this is a dispute as to the amount of the loss. Further, Polen argues that he is excused from performing because Allstate refused to pay for a covered loss, therefore materially breaching the policy.

The relevant portion of the policy states:

**Action Against Us**
No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:
a)  There has been full compliance with all policy terms; and
b)  The action is commenced within two years and one day from the date the cause of action first accrues; and
c)  In the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof of loss, it is a condition under this Action Against Us provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss . . . .

(Dkt. #18, Exhibit A at p. 14). The Court agrees that the proof of loss provision is only triggered by a dispute as to the amount of loss. In contract construction, the specific language controls over the general. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 531–32 (Tex. 2015) (citing *Forbau v. Aetna Life Ins.*, 876 S.W.2d 132, 133–34 (Tex. 1994)). Here, the introductory paragraph applies to actions related to (1) the existence of coverage; (2) the amount of coverage; and (3) the amount of loss for which coverage is sought. Later, the proof of loss provision applies "[i]n the event that [the parties] fail to agree on the *amount of loss* claimed." This clearly addresses only the third circumstance mentioned in the introductory paragraph. Therefore, the proof of loss provision is only triggered by a dispute as to the amount of loss. Polen has alleged that Allstate failed to provide coverage at all, a condition addressed in the "Action Against Us" provision, but not the proof of loss clause. Thus, the proof of loss clause is not applicable to this dispute and Allstate's motion should be denied on this ground.

Even if the proof of loss clause applied, Texas law would require this case to proceed. In the past, Texas courts considered a sworn proof of loss as a condition precedent to coverage. *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987). In the face of a verified denial of proof of loss, it was the plaintiff's burden to prove waiver or substantial compliance. *Id.* The issues of waiver or substantial compliance were fact issues to be determined by the jury. *See id.*

More recently however, the Texas Supreme Court has changed course and adopted a broad notice-prejudice rule. Under Texas's notice-prejudice rule, the insurer must be able to show prejudice caused by the insured's failure to comply with the contract regardless of whether the terms at issue is a covenant, condition precedent, exclusion, or provision. *E.g.*, *PAJ, Inc. v. Hanover Ins.*, 243 S.W.3d 630, 635 (Tex. 2008). In so holding, the Texas Supreme Court relied on two lines of reasoning.

First, "[c]onditions are not favored in the law." *Id.* at 636. Courts read provisions so as to avoid a forfeiture. *Id.* Reading the proof of loss clause to be a covenant rather than a condition requires Allstate to prove that Polen's noncompliance was a material breach, thus avoiding the harsh consequences of a condition.

Second, the proof of loss provision is not an essential part of the bargained for exchange in an occurrence based policy. An occurrence policy covers the insured for acts or omission that occur within the policy, regardless of whether the claim is brought to the attention of the insured or made known to the insurer during the policy period. *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins.*, 174 F.3d 53, 658 n.2 (5th Cir. 1999). The policy here is an occurrence policy (Dkt. #18, Exhibit A at p. 38 ("The policy applies only to losses or occurrences that take place during the policy period.")). "Courts have not permitted insurance companies to deny coverage

on the basis of untimely notice under an 'occurrence' policy unless the company shows actual prejudice from the delay." *Matador*, 174 F.3d at 658.

"A showing of prejudice generally requires a showing that one of the recognized purposes has been impaired." *Blanton v. Vesta Lloyds Ins.*, 185 S.W.3d 607, 615 (Tex. App.—Dallas 2006, no pet.). The purpose of requiring a sworn proof of loss is to enable the insurer "to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Ins. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). However, "an insurer must offer 'more than the mere fact that it cannot employ its normal procedures in investigating and evaluating the claim.'" *Hamilton Props. v. Am. Ins. Co.*, Civil Action No. 3:12-CV-5046-B, 2014 WL 3055801, at *9 (N.D. Tex. July 7, 2014) (quoting *Trumble Steel Erectors, Inc. v. Moss*, 304 F. App'x 236, 244 (5th Cir. 2008) (per curiam)). Based on the above reasoning, Allstate could not possibly be prejudiced by Polen's rush to the courthouse. By filing suit earlier than allowed in the proof of loss clause, Polen actually ensured that the occurrence is even more fresh in the minds of witnesses than it would be after a ninety-one day delay. In fact, Allstate received what would likely be a substantially compliant proof of loss in the form of Polen's civil complaint. All that Allstate lost out on was its expectation of a head-start to litigation via a proof of loss. This alone cannot establish prejudice for Allstate, and Allstate has not provided any other reasons that it was prejudiced. Therefore, the Court finds that Polen's noncompliance did not prejudice Allstate.

Having found that the proof of loss clause does not apply to coverage disputes, and that even if it did apply to the controversy before the Court, Allstate has not shown that it was prejudiced by Polen's failure to comply, the Court finds the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Allstate's Amended Verified Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #18) is hereby **DENIED**.

**SIGNED this 17th day of February, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE